UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HENRY GUZMAN,

      **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant,**

_____/

**Case No.: 5:26-cv-00350-JSS-PRL**

#### ORDER

The Plaintiff, Henry Guzman., who is proceeding pro se, filed this action against the Social Security Administration. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

### I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

Plaintiff's complaint consists of over six pages of single-spaced, vague, incomprehensible allegations. As best can be discerned from the allegations of the complaint, Plaintiff's claims arise from his dissatisfaction with proceedings related to Social Security payments. Plaintiff also references state court proceedings and purports to seek a "wrist [sic] of certiorari." (Doc. 1). In a rambling fashion, Plaintiff contends that Social Security "damaged" him and his reputation by designating him a delinquent. Plaintiff references events in New York, Medicaid, Social Security benefits, overpayments, unlawful collection, and a conviction. Plaintiff also requests that state court orders be stricken in case No. 2026-CA-00936 in Circuit Court in Marion County, Florida.

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

To the extent that Plaintiff seeks a review of the case referenced in Circuit Court in Marion County, Plaintiffs claims (incomprehensible though they may be) appear to be barred by the *Rooker-Feldman* doctrine. It is evident from the complaint that Plaintiff wishes to use this lawsuit as a mechanism to intervene in or overturn decisions entered in state court proceedings, either in New York or in Marion County, or both. Plaintiff's attempt to persuade the Court into reviewing and ruling on the merits of state court judgments is likely foreclosed

- 2 -

by the *Rooker-Feldman* doctrine. *See Efron v. Candelario*, 110 F.4th 1229, 1235–36 (11th Cir. 2024) (observing that, under the *Rooker-Feldman* doctrine, a court must "determine whether [a] plaintiff seeks relief from an injury caused by the judgment itself" and, if the plaintiff does, the doctrine applies) (internal quotation marks and citation omitted); *see also Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015) (affirming the dismissal of the pro se plaintiffs' attack on a state court judgment based in part on the *Rooker-Feldman* doctrine).

To the extent the state court proceedings remain pending, the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) may also require dismissing Plaintiff's claims. The *Younger* doctrine precludes a federal court from intervening in certain types of state cases where there is an "ongoing" judicial proceeding, the proceeding implicates an "important state interest," and there is an "adequate opportunity" in the state proceeding to raise federal challenges. *Leonard v. Alabama State Board of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation omitted); *see also Adams v. Florida*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam).

Out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **July 7, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on May 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

- 4 -

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties